**In the Matter of the Conditional Admission of Applicant No. E03070, Harlan L. VONDERSAAR.**

No. 94S00–1203–BL–183.

Supreme Court of Indiana.

May 16, 2012.

*PUBLISHED ORDER SUSPENDING ATTORNEY AND EXTENDING PERIOD OF CONDITIONAL ADMISSION*

Respondent Harlan Vondersaar, II, was conditionally admitted to the bar of the Indiana Supreme Court on May 16, 2011, pursuant to a consent agreement with the State Board of Law Examiners ("Board"). *See* Indiana Admission and Discipline Rule 12 § 6(c). The agreement required, among other things, that Respondent refrain from the use of alcohol, have no arrest for any criminal offense, and have "no alcohol related incidents" for a period of three years from the date of his admission. On October 3, 2011, Respondent notified the Board that he had been arrested the previous day for Operating a Vehicle While Intoxicated and had registered a blood alcohol content of .31 at the time of his arrest. On December 1, 2011, Respondent entered a plea of guilty to Operating a Vehicle While Intoxicated with endangerment, a Class A misdemeanor.

Respondent appeared before the Board on January 20, 2012. Although he admitted regularly consuming alcohol from the time of his admission to the time of his arrest, he asserted he had been sober since his arrest, was participating in an intensive outpatient treatment program, was regularly attending Alcoholics Anonymous meetings, and was meeting regularly with an Indiana Judges and Lawyers Assistance Program ("JLAP") monitor. A report tendered to the Board from JLAP stated that Respondent "is currently focused on his recovery and seems sincere in doing so."

Our rules provide that "[i]f ... the Board determines that a conditional admittee has violated any of the conditions of the admission, ... the Board may impose additional conditions, including without limitation, an additional term of conditional admission for up to five (5) years, or the Board may certify such findings to the Supreme Court of Indiana with the recommendation that the Court revoke such admission." Admis. Disc. R. 12 § 10. The Board has asked us to suspend Respondent's law license for 90 days and thereafter reinstate him to conditional admission for a period of five years, with his conditional admission being dependent upon his compliance with supervision and monitoring by JLAP.

Having considered the Board's Petition and Applicant's Response thereto and being duly advised, the Court hereby GRANTS the Board's Petition. Respondent shall be SUSPENDED from the practice of law for a period of ninety (90) days, beginning on the 20th day from the date of this order. The purpose of this 20–day delay is to allow Respondent to make appropriate arrangements for any existing legal matters in which he may be currently involved—he may not take on any new clients, nor assume any new matters for existing clients, during this 20–day period. Before the expiration of this 20–day period, Respondent SHALL comply with the requirements of suspended attorneys set forth in Admission and Discipline Rule 23, section 26. Following his suspension, Respondent SHALL automatically be reinstated to conditional admission for a period of five (5) years from the date of reinstatement pursuant to the terms of the consent agreement he signed on May 5, 2011, and shall comply in all respects with

any monitoring and/or treatment program(s) required by JLAP during the conditional admission period.

The Clerk is directed to send a copy of this order to Harlan Vondersaar, II; to Bradley Skolnik, Executive Director of the State Board of Law Examiners; to Terry Harrell, Executive Director of the Indiana Judges and Lawyers Assistance Program; to all counsel of record; to LexisNexis; and to Thomson/West for publication in the bound volumes of this Court's decisions. The Clerk shall also provide the notice of suspension required by Indiana Admission and Discipline Rule 23, section 3(d), and shall post this order to the Court's website.

SULLIVAN, DAVID, and MASSA, JJ., concur.

DICKSON, C.J., and RUCKER, J., dissent, believing the Board should not deviate from Admission and Discipline Rule 12, section 10.